[No. 20123. Department Two. December 6, 1926.]

KARL EDBERG, *Appellant*, v. GEORGE C. LEMCKE COMPANY *et al.*, *Respondents*.[1]

[1] VENDOR AND PURCHASER (160) — REMEDIES OF PURCHASER — RECOVERY OF EARNEST MONEY—FAILURE OF TITLE. A vendee is not entitled to a return of earnest money because of incumbrances on the property which the vendor might have been able to pay off upon receipt of the first cash payment, where no demand was made or opportunity given the vendor to make good any defects in the title, as stipulated for in the contract of sale.

Appeal from a judgment of the superior court for King county, Kinne, J., entered May 10, 1926, in favor of the defendants, in an action for the recovery of earnest money paid on a land contract, tried to the court. Affirmed.

*Carroll B. Graves*, for appellant.

*Elias A. Wright, Sam A. Wright* and *Lundin & Barto*, for respondents.

PARKER, J.—The plaintiff, Edberg, seeks recovery from the defendants in the sum of five hundred dollars, being the amount of earnest money paid by Edberg to Lemcke Company, agent for McCluskey, upon the agreed purchase price of certain real property situated in Seattle, agreed to be purchased by Edberg

[1]Reported in 251 Pac. 128.

from McCluskey. Recovery is sought by Edberg upon the theory that McCluskey's title to the property was not good, and not made good, and that therefore he, Edberg, is entitled to the return of the five hundred dollars earnest money paid by him. A trial in the superior court for King county, sitting without a jury, resulted in findings and judgment denying to Edberg any recovery, from which he has appealed to this court.

Lemcke Company, as agent for McCluskey, entered into a preliminary contract with Edberg for a sale to him of the property in question. This preliminary contract is evidenced in the form of an earnest money receipt containing recitals, so far as we need here notice them, as follows:

"Seattle, May 25th, 1925.

"Received from Karl C. Edberg five hundred dollars, on account of the purchase price of the following described real estate . . . Total purchase price is forty three thousand five hundred dollars ($43,500). Balance to be paid as follows: Seventy five hundred dollars in cash, and the balance of thirty five thousand five hundred ($35,500) payable at the monthly rate of three hundred and seventy five ($375) dollars with interest included at 7%,—Deed and contract to be left in escrow with Seattle Title Trust Co. where payments are to be made.

"Title is to be shown by title insurance policy certified to date by a responsible abstractor or title insurance company furnished at the expense and option of the seller, and five days allowed for examination.

"It is hereby agreed that if title is not good, and cannot be made good within reasonable time from receipt of written notice of any defect, this agreement is void, and the earnest money herein receipted for shall be refunded, but if title is good as shown by abstract or title insurance, and purchaser refuses or neglects to comply with any of the conditions of this sale, then the earnest money herein receipted for may be forfeited as liquidated damages.

"The property is to be conveyed by contract deed free and clear of all encumbrances . . .

"Taxes and assessments that are a lien on the property, if not assumed by the purchaser, will be adjusted when the deal is closed.

"Any other encumbrances may, at the option of the seller or his agent, be paid out of the cash portion of the purchase price at the consummation of the sale."

This writing was signed by Lemcke Company as agent, and the recitals therein were agreed to by Edberg and McCluskey by appropriate signed indorsements thereon. The judgment of the trial court was merely "that the plaintiff take nothing by his complaint in this action," and that the defendants recover their costs. No question of Edberg's forfeiture of the five hundred dollars was adjudicated, in so far as his right to have that sum applied upon the purchase price of the property and the agreed sale of the property to him consummated are concerned.

[1] Apparently early in June, 1925, Edberg was furnished a certificate, or a title insurance policy, made by a responsible abstract and title insurance company, showing the condition of the title. As to what that writing showed with reference to encumbrances against the property does not here appear by any competent evidence, the original of that writing not being produced in court upon the trial and its absence not reasonably accounted for. Indeed, the evidence is rather convincing that the original, or a carbon copy thereof, could have readily been produced by counsel for Edberg.

No notice of any claimed defect was ever given by or in behalf of Edberg to Lemcke Company or McCluskey, with a view of giving McCluskey "reasonable time" within which he might cure any claimed defect in the title. But on June 18, 1925, Edberg, by his at-

torney, in a letter addressed to Lemcke Company and McCluskey, peremptorily demanded return of the five hundred dollars earnest money, claiming there were two mortgages appearing as encumbrances against the property. This was followed by a similar peremptory demand made by letter written by Edberg's attorney to Lemcke Company on June 23, 1925. These communications were responded to by letter dated June 24, 1925, from Lemcke Company to Edberg's attorney, reading as follows:

"Kindly be advised that Mr. McCluskey is ready and has been ready to sign contract that was satisfactory and approved by Mr. Edberg. This contract is in compliance with his every wish."

This action was commenced by Edberg on the following day.

This correspondence suggests some negotiations between the parties looking to the taking care of any encumbrance upon the property. Just what these negotiations were, and in what manner they contemplated the taking care of any encumbrance upon the property, we are not advised. It is plain, however, by the above last quoted paragraph of the preliminary contract, that McCluskey was accorded the privilege of paying out of the cash portion of the purchase price, that is, out of the five hundred dollars earnest money and the seven thousand five hundred dollars cash, any encumbrances which were required to be removed, in the perfection of his title. Had Edberg come forward with the seven thousand five hundred dollars cash payment, we are not advised but that McCluskey would have thereby been fully enabled to, and would, have removed every encumbrance that may have been upon the property and thus perfected his title, or would have permitted Edberg to so use as much as might have been necessary of that sum, thus resulting in the perfection

of McCluskey's title. Nor are we advised by this record but that that sum was ample in amount to remove every encumbrance that may have been against McCluskey's title. We fully agree with the trial court that the evidence does not call for any recovery in favor of Edberg against either of the defendants.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, ASKREN, and MITCHELL, JJ., concur.